IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02917-GPG

ROBERT C. JOHNSON,

    Applicant,

v.

JAMES FALK, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER TO DRAW CASE

    Applicant, Robert C. Johnson, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Johnson initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). On November 14, 2014, Mr. Johnson filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6). Mr. Johnson is challenging the validity of his conviction in Fremont County District Court case number 07CR350.

    On December 3, 2014, Magistrate Judge Gordon P. Gallagher ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On December 16, 2014, Respondents filed their Pre-Answer Response (ECF No. 11). On December 26, 2014, Mr. Johnson filed his

reply (ECF No. 12) to the Pre Answer Response.

The Court must construe the amended application and other papers filed by Mr. Johnson liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the case will be drawn to a presiding judge and, if applicable, to a magistrate judge.

Mr. Johnson was convicted of second degree murder in 1973 and sent to prison.  He escaped two years later.  In 2007 Mr. Johnson was returned to custody in Colorado and charged with escape.  Although the trial court dismissed the escape charge on constitutional speedy trial grounds, the Colorado Court of Appeals reversed and remanded for reinstatement of the charge.  *See People v. Johnson*, 09CA0127 (Colo. App. Aug. 5, 2010) (unpublished) (ECF No. 11-10) ("*Johnson I*").  Following a jury trial, Mr. Johnson was convicted of escape and sentenced to sixteen years in prison.  The judgment of conviction was affirmed on direct appeal.  *See People v. Johnson*, 327 P.3d 305 (Colo. App. 2013) ("*Johnson II*").  On May 19, 2014, the Colorado Supreme Court denied Mr. Johnson's petition for writ of certiorari.  (*See* ECF No. 11-2.)

Mr. Johnson asserts six claims for relief in the amended application.[1]  He specifically contends his constitutional right to a speedy trial was violated (claim 1); he was denied due process because he was charged with escape after the statute of limitations expired (claim 2); he was denied due process because the trial court

---

[1] Respondents renumber Mr. Johnson's claims in the Pre-Answer Response.  The Court will number the claims as they are numbered in the amended application.

improperly excluded relevant evidence (claim 3); he was denied due process because the trial court refused to instruct the jury on the "choice of evils" defense (claim 4); he was denied due process as a result of outrageous government conduct (claim 5); and his rights under the Double Jeopardy Clause were violated (claim 6).

In the Pre-Answer Response Respondents concede that the amended application is timely and that Mr. Johnson has exhausted state remedies for claims 1, 3, 4,[2] and 5. However, Respondents contend the amended application should be dismissed as a mixed petition because claims 2 and 6 are unexhausted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252

---

[2] Respondents argue that claim 4 does not state a cognizable federal constitutional violation but they concede the claim was presented to the state courts. The Court will not address the merits of the claim in this order.

(10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Respondents argue that Mr. Johnson failed to exhaust state remedies for claim 2, the statute of limitations claim, which they construe as asserting an ex post facto violation, because he did not raise an ex post facto violation on direct appeal. Mr. Johnson does make a brief reference to the Ex Post Facto Clause in connection with claim 2 in the amended application. (*See* ECF No. 6 at 13.) However, he specifically identifies claim 2 in the amended application as a due process claim and not as an ex post facto claim. (*See id.* at 5, 12-16.) Mr. Johnson also identified the statute of

limitations claim on direct appeal as a federal due process claim. (*See* ECF No. 11-5 at 4, 7, 9.) Therefore, the Court is not persuaded by Respondents' argument that claim 2 should be dismissed for failure to exhaust state remedies.

Respondents argue that Mr. Johnson failed to exhaust state remedies for claim 6, the double jeopardy claim, because he made only a brief reference to double jeopardy on direct appeal that did not fairly present a double jeopardy claim to the state courts. However, Respondents do not address the fact that the Colorado Court of Appeals actually considered and rejected the merits of the double jeopardy argument on direct appeal. *See Johnson II*, 327 P.3d at 309. Under these circumstances, the Court finds that Mr. Johnson has exhausted state remedies for claim 6. *See Bear v. Boone*, 173 F.3d 782, 785 n.3 (10th Cir. 1999) ("Read collectively, Supreme Court precedent clearly shows that a claim is exhausted once the state courts have actually passed upon the issue raised.").

In summary, Respondents do not raise the one-year limitation period as an affirmative defense and they concede that claims 1, 3, 4, and 5 are exhausted. The Court rejects Respondents' arguments that Mr. Johnson failed to exhaust state remedies for claims 2 and 6. Therefore, after review pursuant to D.C.COLO.LCivR 8.1(b), the case will be drawn to a presiding judge and, if applicable, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

DATED at Denver, Colorado, this   11th   day of   February  , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court